**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5097**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

SAMMIE LEE ROSEBOROUGH, JR.,

                 Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:09-cr-00613-JFA-1)

Submitted:  May 26, 2011             Decided:  May 31, 2011

Before KING, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  William Kenneth Witherspoon,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sammie Lee Roseborough, Jr., was convicted, after a jury trial, on one count of distribution of crack cocaine. The district court sentenced him to thirteen months imprisonment. Roseborough's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the court erred by denying Roseborough's motion for judgment of acquittal and whether the sentence imposed was reasonable. Roseborough was advised of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

We review the denial of a motion for judgment of acquittal de novo. United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). Viewing the evidence in the light most favorable to the Government, as we are required to do, Glasser v. United States, 315 U.S. 60, 80 (1942), we find that the evidence was sufficient for a reasonable juror to determine that Roseborough distributed crack cocaine. See United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). We do not review the credibility of witnesses, but assume the jury resolved all contradictions in favor of the Government. By the guilty verdict, the jury implicitly found Roseborough's alibi

defense not credible. Accordingly, we affirm Roseborough's conviction.

We have also reviewed Roseborough's sentence and determined that it was properly calculated and that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing Roseborough, appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors in light of Roseborough's individual circumstances. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We conclude that the district court did not abuse its discretion in imposing the chosen sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Roseborough, in writing, of the right to petition the Supreme Court of the United States for further review. If Roseborough requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

3

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roseborough. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
